*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES ALAN CURRY,

        Defendant-Appellant.

UNPUBLISHED
March 12, 2025
10:34 AM

No. 365993
St. Clair Circuit Court
LC No. 22-002002-FH

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction for domestic violence, third offense, MCL 750.81(2) and (5). On appeal, defendant challenges his conviction, arguing that he was denied his right to a unanimous verdict because the trial court did not give a specific unanimity instruction; the jury's verdict was against the great weight of the evidence; he was denied the effective assistance of counsel because counsel failed to request certain jury instructions and did not object to the prosecutor's comments about his personal opinion of defendant's guilt; the trial court impermissibly allowed a police officer to testify about a witness's credibility; and the trial court erred by permitting a member of the prosecutor's office to read the victim's preliminary examination testimony into the record at trial.

We conclude that the trial court was not required to provide a specific unanimity instruction. Defendant failed to establish that the jury's verdict was against the great weight of the evidence because the evidence supports defendant's conviction, issues of credibility and discrepancies in the evidence are insufficient grounds for granting a new trial, and no exceptional circumstances existed to warrant overturning the jury's verdict. Because a specific unanimity instruction was not required, defendant failed to establish that his trial counsel's failure to request the instruction constitutes deficient performance. Defendant also failed to establish deficient performance for not requesting an instruction for assault or battery or that he was prejudiced by counsel's decision to not request the instruction. Further, because the prosecutor's comments did not amount to error, counsel's performance was not deficient. Even if the prosecutor's comments were improper, defendant cannot show that the error affected the outcome of trial. Similarly, when read in context, the officer did not vouch for the victim's credibility, thus, there is no error. Even if the comments were improper, defendant is not entitled to relief because he failed to demonstrate that the comments affected his substantial rights. Finally, because nothing in the plain

-1-

language of MRE 804[1] or Michigan caselaw required the unavailable witness to read his prior testimony into the record at trial, and defendant abandoned his appellate argument, defendant failed to establish any error by the trial court. Accordingly, we affirm.

## I. BACKGROUND

This case arises from a domestic dispute. In August 2022, the victim, SC, was asleep in his room. At the time, SC was living in the house with his uncles, defendant and RA. At about 4:30 a.m., SC was awoken by a loud crash, and saw his door was "snapped in half because it was locked." He saw defendant standing over him, "saying he's going to kill me[.]" Defendant tried to grab SC, but SC was able to deflect him using his blanket. RA then ran into SC's room and pulled defendant away. SC ran out to the driveway and called the police. Defendant was later charged, as a fourth-offense habitual offender, MCL 769.12, with one count of domestic violence.

At trial, SC explained that he had trouble remembering the altercation and related events because he was in a "pretty bad car accident" and, as a result, his memory was "pretty shaky." For example, SC did not remember participating in the preliminary examination, whether defendant was living in the residence on the date of the altercation, calling or speaking to the police, or the general events that occurred during the altercation. SC also could not identify his voice in the 911 call, and could not identify his own signature or handwriting with certainty. Because of SC's memory issues, the prosecutor moved to have SC's testimony from the preliminary examination read into the record because, under MRE 804(a)(3) and MRE 804(b)(1), SC was an unavailable witness. Although defendant opposed plaintiff's motion, the trial court admitted the preliminary examination testimony. The prosecutor called an assistant prosecutor to read SC's preliminary examination testimony into the record. During the preliminary examination, SC recounted the altercation, claiming that defendant was irate and threatened to kill him. SC denied that defendant grabbed him or strangled him, and that he told the police that defendant jumped on top of him.

RA also testified at trial, stating that on the night of the altercation he heard defendant threaten to hurt and kill SC. RA denied that he had to pull defendant off of SC during the altercation, or that he saw any marks on SC. He also claimed that he never saw defendant in SC's room or saw defendant put his hands on SC. Defendant told RA that the altercation began because SC climbed into the house through a window. But RA stated that it was uncommon for SC to enter the house through the window. Additionally, RA denied that SC ran outside and called the police. Instead, SC called the police from RA's bedroom.

Port Huron Police Officer Dennis Fitzsimmons also testified, stating that when he arrived at the residence, he was wearing a body camera and saw SC standing outside in front of the residence. The prosecutor questioned Officer Fitzsimmons about whether statements SC made in his 911 call were consistent with statements he made to Officer Fitzsimmons when he responded to the scene. Trial counsel objected to this line of questioning, claiming that it called for a legal conclusion, but the trial court disagreed. Officer Fitzsimmons then explained that SC's statements made in the 911 call and in the body-camera footage were consistent with each other, although they differed from SC's testimony at trial.

---

[1] The Michigan Rules of Evidence were substantially amended effective January 1, 2024. We cite the pre-amendment version of the rules in effect at the time of defendant's trial.

During closing arguments, the prosecutor asserted that the jury could convict defendant of domestic violence if it found that defendant committed either an assault or a battery against SC. Defendant's counsel challenged the prosecutor's theory of the case, insinuating that the prosecutor was confused about his theory of the case because he did not know whether defendant committed an assault or battery against SC. In rebuttal, the prosecutor stated that, based on the evidence, defendant was guilty of assault and battery. The jury agreed and found defendant guilty of domestic violence, and in April 2023 defendant was sentenced as noted above. This appeal followed.

As his appeal was pending, defendant moved for a new trial, claiming that the trial court failed to give a specific unanimity instruction despite the fact that the prosecutor contended that defendant was guilty of domestic violence because he either committed a battery or an assault against SC. Alternatively, defendant argued that trial counsel was ineffective for failing to request this instruction, and this failure constituted deficient performance. Defendant also claimed that he was denied the effective assistance of counsel because his counsel failed to request a lesser included instruction of assault or assault and battery, and counsel failed to object to the prosecutor's comments regarding his personal opinion of defendant's guilt. Finally, defendant argued that he was entitled to a new trial because the jury's verdict was against the great weight of the evidence. The trial court denied defendant's motion, finding that no specific unanimity instruction was required and, by extension, that defendant's trial counsel was not ineffective for failing to request the instruction. Similarly, the trial court found that defendant was not denied the effective assistance of counsel because there were "no facts that justify having given a lesser included offense of assault and battery," and the prosecutor's comments did not amount to error. Finally, the trial court held that defendant's conviction was not against the great weight of the evidence.

## II. UNANIMOUS JURY

Defendant claims that he was denied his right to a unanimous verdict because the trial court failed to give a specific unanimity jury instruction. We disagree.

## A. STANDARDS OF REVIEW

Generally, "[w]e review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion." *People v Everett*, 318 Mich App 511, 528; 899 NW2d 94 (2017) (quotation marks and citation omitted). But because defendant did not object to the jury instructions at trial, his argument is not preserved for appellate review. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000) ("A party must object or request a given jury instruction to preserve the error for review."). We review "unpreserved claim[s] for plain error affecting defendant's substantial rights." *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Bailey*, 330 Mich App 41, 53-54; 944 NW2d 370 (2019) (quotation marks and citation omitted). This third requirement "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* at 54 (quotation marks and citation omitted). "Reversal will only be warranted when the plain error leads to the conviction of an actually innocent defendant or when an error affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted).

## B. DISCUSSION

At the outset, we note that defendant's counsel expressly approved the jury instructions. "When the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, it is an affirmative approval of the trial court's instructions." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). Thus, defendant "waived any objection to a jury instruction because his counsel affirmatively approved the instruction." *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. at 215 (quotation marks and citation omitted). Even if defendant had not waived his argument, he still is not entitled to relief on appeal.

Criminal defendants are guaranteed the right to a unanimous jury verdict. *People v Chelmicki*, 305 Mich App 58, 67; 850 NW2d 612 (2014), citing MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *Chelmicki*, 305 Mich App at 67-68 (quotation marks and citation omitted). "Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity." *Id*. at 68.

> However, the trial court must give a specific unanimity instruction where the state offers evidence of alternative acts allegedly committed by the defendant and 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt. [*People v Martin*, 271 Mich App 280, 338; 721 NW2d 815 (2006) (quotation marks and citation omitted).]

But "[w]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991).

> Our Supreme Court has found that cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" are "analytically distinct" from cases like the one before us today, in which defendant may be properly convicted on multiple theories that represent the same element of the offense. [*Chelmicki*, 305 Mich App at 68, quoting *People v Cooks*, 446 Mich 503, 512-513; 521 NW2d 275 (1994).]

Further, "[t]here is a 'continuous conduct exception' to the need for a unanimity instruction." *Cooks*, 446 Mich at 522 (citation omitted). "The continuous conduct exception occurs in two circumstances—when the two offenses are so closely connected in time that they form part of one transaction or when the offense consists of a continuous course of conduct." *Id*. (citation omitted).

Domestic violence occurs when "an individual . . . assaults *or* assaults and batters . . . an individual with whom he or she has or has had a dating relationship . . . or a resident or former resident of his or her

household . . . ." MCL 750.81(2) (emphasis added).[2] The plain language of MCL 750.81(2) makes it clear that there are alternative methods of establishing the first element of domestic violence, namely, (1) assault, or (2) assault and battery. The statute does not create distinct offenses. Additionally, throughout trial, the prosecutor did not present materially distinct proofs for the alternative means of committing the crime of domestic violence. Instead, he consistently claimed that the evidence supported a conviction based on both assault or assault and battery. The evidence also showed that the assault and battery occurred both closely in time and as part of a continuous course of conduct by defendant. See *Cooks*, 446 Mich at 522. Thus, a specific unanimity jury instruction was not warranted, and the trial court did not plainly err by failing to give it.

## III. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that he is entitled to a new trial because the jury's verdict was against the great weight of the evidence. We disagree.

## A. STANDARDS OF REVIEW

We review "a trial court's grant or denial of a new trial on the ground that the verdict was against the great weight of the evidence" for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Everett*, 318 Mich App at 516.

> A verdict is against the great weight of the evidence and a new trial should be granted when the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result. Generally, a verdict may only be vacated when the verdict is not reasonably supported by the evidence, but rather it is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations. Questions regarding credibility are not sufficient grounds for relief unless the testimony contradicts indisputable facts or laws, the testimony is patently incredible or defies physical realities, the testimony is material and . . . so inherently implausible that it could not be believed by a reasonable juror, or the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. [*People v Solloway*, 316 Mich App 174, 182-183; 891 NW2d 255 (2016) (quotation marks and citations omitted).]

Aside from these exceptional circumstances, issues of witness credibility are for the fact-finder, and "[t]he hurdle that a judge must clear in order to overrule a jury and grant a new trial is unquestionably among the highest in our law." *Unger*, 278 Mich App at 232 (quotation marks and citation omitted). Additionally, "[c]onflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998).

---

[2] MCL 750.81 was amended after the events in question by 2023 PA 271, effective March 5, 2024. We quote the version of the statute in effect at the time of the domestic violence against SC, although the amendments do not, in any event, affect the substance of the statute for the purposes of this case.

B. DISCUSSION

Under MCL 750.81(2), domestic violence occurs when

an individual . . . assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household . . . .

Thus, to convict defendant of domestic violence in this case, the prosecutor was required to prove, in relevant part, that: (1) defendant committed an assault or an assault and battery against SC; and (2) SC was a resident or former resident of defendant's household. Defendant does not dispute that SC was a resident of defendant's household. As such, the only issue we need to address is whether defendant committed an assault or an assault and battery against SC.

Michigan courts have defined a battery as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (quotation marks and citation omitted). "It does not matter whether the touching caused an injury." *Id*. "Further, the courts have defined an assault as an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*. (quotation marks and citation omitted). "Thus, every battery necessarily includes an assault because a battery is the very consummation of the assault." *Id*. (quotation marks and citations omitted).

SC's memory was so poor at trial that he was declared an unavailable witness and his preliminary examination testimony was read into the record. During his preliminary examination, SC claimed that at about 4:30 a.m., he was awoken by a loud crash, and saw his door was "snapped in half because it was locked." He saw defendant standing over him, "saying he's going to kill me[.]" SC claimed that defendant tried to grab him, but SC was able to deflect defendant using his blanket. RA then ran into SC's room and pulled defendant away. SC ran out to the driveway and called the police. SC denied that defendant actually grabbed him or strangled him, and that he told the police that defendant jumped on top of him.

RA described a similar version of events, stating that on the night of the altercation he heard a loud crash, got out of bed, and opened his bedroom door to find defendant "[h]alfway in and halfway out" of SC's bedroom through the broken bedroom door. RA went back into his room to put clothes on, returned to SC's room and grabbed defendant, dragging him away. RA stated that he heard defendant threaten to hurt and kill SC. RA denied that he had to pull defendant off of SC during the altercation, or that he saw any marks on SC. He also claimed that he never saw defendant in SC's room or saw defendant put his hands on SC. Additionally, RA denied that SC ran outside and called the police. Instead, SC called the police from RA's bedroom.

On the basis of this evidence, we conclude that defendant's conviction was not against the great weight of the evidence. Undoubtedly, SC's memory issues rendered his trial testimony essentially useless, as he was unable to recount any part of the attack. But SC's preliminary examination testimony established that defendant broke through a locked door, reached through the broken door into SC's room, threatened to kill SC, and made contact with the blanket SC used to fend off the attack. Even if defendant did not possess a weapon during the attack, defendant's actions constitute an assault because the act of

kicking in a locked door in the middle of the night and making death threats would have placed SC in reasonable apprehension of receiving a battery. Additionally, a conviction of battery would be supported by the evidence because defendant, without consent, hit SC's blanket that he used to block defendant from grabbing him. While RA stated that he did not see defendant put his hands on SC, his testimony corroborated SC's claims that defendant threatened to kill him and was reaching into his room during the attack. Further, RA admitted that he was not present for parts of the altercation, which could explain any discrepancies between his and SC's accounts of the attack.

Defendant claims that the verdict was against the great weight of the evidence because SC's trial and preliminary examination testimony was incredible or impeached by other evidence, including SC's own statements and RA's testimony. But credibility issues and conflicting evidence, without more, are insufficient grounds for granting a new trial. See *Lemmon*, 456 Mich at 647; *Solloway*, 316 Mich App at 182-183. Further, defendant fails to identify how SC's testimony "contradict[ed] indisputable facts or law," "defie[d] physical realities," or was so "inherently implausible that it could not be believed by a reasonable juror[.]" *Solloway*, 316 Mich App at 182-183. Given that most of the evidence and testimony presented at trial was consistent, defendant cannot make this showing. Defendant also has failed to identify—nor is there any evidence to establish—any exceptional circumstances that would justify setting aside the jury's verdict. Because the evidence does not weigh against defendant's conviction, issues of credibility and discrepancies in the evidence are insufficient grounds for granting a new trial, and no exceptional circumstances exist to warrant overturning the jury's verdict, defendant is not entitled to a new trial.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that he was denied the effective assistance of counsel because his trial counsel failed to request a specific unanimity jury instruction and an instruction for the lesser included offenses of assault or assault and battery, and counsel failed to object to the prosecutor's error. We disagree.

### A. STANDARDS OF REVIEW

"A defendant's ineffective assistance of counsel claim is a mixed question of fact and constitutional law." *People v Shaw*, 315 Mich App 668, 671; 892 NW2d 15 (2016) (quotation marks and citation omitted). "When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *Id*. at 671-672. "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *Id*. at 672. But where no evidentiary hearing has been held, our review is limited to errors apparent from the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).

### B. JURY INSTRUCTIONS

"Criminal defendants are entitled to the assistance of counsel under both the Michigan and United States Constitutions. Const 1963, art 1, § 20; US Const, Am VI. This right guarantees the effective assistance of counsel." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an

objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. [*Solloway*, 316 Mich App at 188.]

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015) (quotation marks and citation omitted). "A criminal defendant is entitled to have a properly instructed jury consider the evidence against [him]." *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017) (quotation marks and citation omitted). "Trial counsel's failure to request a jury instruction may constitute an unreasonably deficient level of performance." *Yeager*, 511 Mich at 490.

Defendant first argues that he was denied the effective assistance of counsel because his trial counsel failed to request a specific unanimity jury instruction. As previously stated, however, a specific unanimity jury instruction was not required. And because no specific unanimity instruction was required, "it necessarily follows that defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *Chelmicki*, 305 Mich App at 69. Accordingly, defendant is not entitled to relief on this basis.

Defendant also asserts that his trial counsel was ineffective because counsel failed to request a jury instruction for the lesser included offenses of assault or assault and battery.

As this Court has summarized:

The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them. When a defendant requests a jury instruction on a theory or defense that is supported by the evidence, the trial court must give the instruction. [*Thorne*, 322 Mich App at 347-348 (quotation marks and citations omitted).]

But, failure to request an instruction on a lesser included offense can be a matter of trial strategy with which this Court will not interfere. See *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

A lesser included offense is "an offense which contains some of the elements of the greater offense, but no additional elements," such that the "greater offense cannot be committed without committing the lesser offense." *People v Norman*, 184 Mich App 255, 259-260; 457 NW2d 136 (1990). "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). A trial court's failure to give a lesser included offense instruction is harmless error if "the evidence did not clearly support a conviction for the lesser included [offense]." *Id*. at 366. "There must be more than a modicum of evidence" to show that the defendant could have been convicted of the lesser included offense. *People v Cheeks*, 216 Mich App 470, 479-480; 549 NW2d 584 (1996).

As noted, a battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Cameron*, 291 Mich App at 614 (quotation marks and citation omitted). An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*. (quotation marks

and citation omitted). Under MCL 750.81(2), an individual is guilty of domestic violence if he "assaults or assaults and batters . . . a resident or former resident of his or her household . . . ." Thus, assault or battery are necessarily elements of domestic violence. What distinguishes domestic violence from assault or battery is the additional residency element. Accordingly, assault or battery are lesser included offenses of domestic violence. See *Norman*, 184 Mich App at 259-260.

Defendant claims that a rational view of the evidence would have supported an instruction for assault or battery. Although true, given that both SC and RA testified that SC and defendant were living in the same residence at the time of the altercation, defendant's trial counsel may have reasonably believed that there was no need to request the lesser included instructions. In fact, because trial counsel did not deny that defendant and SC lived in the same residence during the event in question, requesting an instruction for assault or battery would not have been consistent with his theory of the case, which simply was that the alleged violent conduct never occurred. Because failure to request an instruction on a lesser included offense can be a matter of trial strategy with which this Court will not interfere, *Dunigan*, 299 Mich App at 584, and because no reasonable theory of the case or argument to the jury would have allowed it to find defendant guilty of assault or battery but not domestic violence, defendant has failed to show that his trial counsel's decision to not request the instruction constitutes deficient performance.

## C. PROSECUTORIAL ERROR

Finally, defendant contends that his trial counsel was ineffective because counsel did not object to the prosecutor's statements expressing his personal opinion of defendant's guilt.

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutorial error issues are decided on a "case-by-case basis," and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Jackson*, 313 Mich App 409, 425-426; 884 NW2d 297 (2015). "Generally, prosecutors are accorded great latitude regarding their arguments and conduct," and are "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of their case." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (cleaned up). But "[i]t is improper for a prosecutor to express a personal opinion about a case by suggesting that she has some special knowledge, unknown to the jury, that the defendant is guilty." *People v Smith*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362114); slip op at 14. Instead, the prosecutor may argue the evidence, and reasonable inferences from it, to support a witness's credibility. *People v Bennett*, 290 Mich App 465, 478; 802 NW2d 627 (2010).

During closing arguments, the prosecutor stated that the jury could find defendant guilty of domestic violence if it found that defendant committed either an assault or a battery against SC. Defendant's trial counsel suggested that the prosecutor advanced different theories of the case because he was unsure whether defendant committed an assault or an assault and battery. In rebuttal, the prosecutor stated that, based on the evidence, he believed defendant committed both an assault and a battery against

SC.[3]   Reading the prosecutor's statements in context, it appears that he was not commenting on his personal belief of defendant's guilt or implying reliance on information not presented at trial, but rather arguing the reasonable inferences arising from the evidence. *Id.* And because the prosecutor's comments were not improper, "defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *Chelmicki*, 305 Mich App at 69.

Even if the prosecutor's statements were improper, the trial court instructed the jury that the lawyers' statements, arguments, and questions were not evidence to be considered when rendering its verdict. Because "[c]urative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements . . . and jurors are presumed to follow their instructions," *Unger*, 278 Mich App at 235, and because the record betrays no reason to conclude otherwise in this case, defendant cannot show that but for counsel's failure to object to the prosecutor's comments, there was "a reasonable probability that the outcome of the defendant's trial would have been different," *Solloway*, 316 Mich App at 188. Accordingly, defendant has failed to show that he was denied the effective assistance of counsel.

## V.  ADMISSION OF EVIDENCE

Finally, defendant contends that he is entitled to a new trial because the trial court erroneously allowed Officer Fitzsimmons to vouch for SC's credibility, and permitted a member of the prosecutor's office to read SC's testimony from the preliminary examination into the record at trial. We disagree.

## A.  STANDARDS OF REVIEW

Generally, issues concerning the admission of evidence are reviewed for an abuse of discretion. *People v Johnson*, 474 Mich 96, 99; 712 NW2d 703 (2006). But because defendant did not object to the admission of evidence on the same grounds that he now asserts on appeal, his arguments are unpreserved for appellate review. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001) ("To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal.").[4]  Accordingly, defendant's arguments are reviewed for plain error affecting substantial rights. *Roscoe*, 303 Mich App at 648.

## B.  WITNESS CREDIBILITY

Defendant first claims that the trial court erroneously allowed Officer Fitzsimmons to vouch for SC's credibility.

Jurors are the judges regarding the credibility of testimony offered by witnesses. *People v Musser*, 494 Mich 337, 348-349; 835 NW2d 319 (2013). Because it is the province of the jury to assess or evaluate

---

[3] The prosecutor stated, "Personally by the evidence that was presented I think they're both satisfied." The prosecutor also stated, "So that's why I say there's at least an assault of putting [SC] in fear but I believe he was also battered and attacked by this Defendant."

[4] We note that, on appeal, both defendant and the prosecution claim that defendant preserved his argument by objecting to Officer Fitzsimmons's testimony at trial. For the reason stated above, we conclude that the parties' rationale regarding the preservation of this defendant's argument is incorrect.

whether a witness spoke the truth or lied, "it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial." *Id*. at 349. A witness's comments or remarks concerning the credibility of others have no probative value given that they do nothing to assist the jury in determining a witness's credibility in relation to its fact-finding mission and its assessment of guilt or innocence. *Id*.

Officer Fitzsimmons stated that he was dispatched to defendant's and SC's residence to respond to a domestic altercation. When Officer Fitzsimmons arrived, he was wearing a body camera and saw SC standing in front of the residence. The prosecutor questioned Officer Fitzsimmons about whether statements SC made in his 911 call were consistent with statements he made to Officer Fitzsimmons when he responded to the scene. Officer Fitzsimmons explained that SC's statements made in the 911 call and in the body camera footage were consistent with each other, although they differed from SC's testimony at trial. Additionally, despite SC having memory issues at trial, Officer Fitzsimmons stated that at the time of the incident, SC appeared "very well knowledgeable[.]"

When read in context, Officer Fitzsimmons did not directly suggest that SC's statements were credible or supported by the evidence. Instead, he merely stated that SC's statements were consistent between the two pieces of evidence. Further, Officer Fitzsimmons's claim that SC was "very knowledgeable" was not meant to bolster SC's credibility, but was made in response to the fact that SC testified at trial that he had no knowledge of the incident. Thus, his testimony was not erroneous. However, even if Officer Fitzsimmons's comments were improper, defendant offers no evidence to support his claim that Officer Fitzsimmons's testimony "was given undue weight by the jury[.]" And, given that both the 911 phone call recording and the body camera footage were played for the jury, the jury easily could have determined that SC had knowledge of the incident and his statements were consistent without Officer Fitzsimmons's testimony. As such, defendant cannot show that any error affected his substantial rights.

## C. PRELIMINARY EXAMINATION

Defendant also argues that the trial court erred by permitting a member of the prosecutor's office to read SC's testimony from the preliminary examination into the record at trial.

Hearsay, or "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," generally is inadmissible. MRE 801(c); MRE 802. An exception to this rule exists for former testimony "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). This exception applies only when the declarant is unavailable as a witness, which includes situations in which the witness "has a lack of memory of the subject matter of the declarant's statement." MRE 804(a)(3).

Defendant does not challenge whether the preliminary examination testimony was properly admitted under MRE 804. Instead, defendant asserts that his trial was "fundamentally unfair" because the assistant prosecutor read SC's preliminary examination testimony into the record, rather than SC himself, which deprived the jury of the opportunity to assess SC's credibility. But nowhere in the plain language of MRE 804 does it state that SC, as the unavailable witness, was personally required to read his prior testimony into the record. Further, defendant fails to cite any relevant caselaw, statutory provisions, or other authority to support his argument. Because defendant failed to adequately support his argument, we

find it is abandoned. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."); *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment of an issue with little or no citation of supporting authority.") (quotation marks and citation omitted). At a minimum, given the lack of relevant authority cited by defendant, any error cannot be considered "plain." See *Roscoe*, 303 Mich App at 648.[5]


## VI. CONCLUSION

There were no errors warranting relief. We affirm.


/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

---

[5] Further, in any event, we note that the jury was able to view SC's demeanor because he actually testified, albeit to a limited extent, at trial. Therefore, contrary to defendant's suggestion, the jury was not deprived of an opportunity to assess SC's credibility as a witness.